UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE A. GRIER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 14-06350-JEM<br><br>MEMORANDUM OPINION AND<br>ORDER REVERSING DECISION OF<br>THE COMMISSIONER OF SOCIAL<br>SECURITY |

## PROCEEDINGS

On August 13, 2014, Michelle A. Grier ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on November 13, 2014. On March 31, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 56-year-old female who applied for Social Security Disability Insurance benefits on December 15, 2010, alleging disability beginning July 12, 2007. (AR 16.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of July 12, 2007 through her date last insured of December 31, 2011. (AR 18.)

Plaintiff's claim was denied initially on September 15, 2011. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharilyn Hopson on December 12, 2012 in Orange, California. (AR 16.) Claimant appeared and testified at the hearing but was not represented by counsel. (AR 16.) Medical Expert ("MA") John R. Morse, M.D., and vocational expert ("VA") Kelly Winn-Boaitey also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on December 19, 2012. (AR 16-26.) After considering new evidence, the Appeals Council denied review on June 10, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ failed in her duty to develop the record by not obtaining pertinent medical documentation where Plaintiff was not represented, and has mental disabilities.
2. Whether the ALJ failed to give proper weight to treating physicians, and failed to support her reliance on the telephonic testimony by the non-treating, non-examining Medical Expert.
3. Whether the ALJ's adverse credibility finding is legally and factually inadequate.
4. Whether the ALJ failed to support her decision to give less weight to the corroborating testimony by the third party witness.

5. Whether the finding that fibromyalgia is not a "medically determinable impairment" is based on substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.

Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of July 12, 2007 through her date last insured of December 31, 2011. (AR 18.)

At step two, the ALJ determined that, through the date last insured, Plaintiff had the following medically determinable severe impairments: lumbosacral spondylolisthesis; chronic neck injury with surgery in 2005, stable, but with residual pain; seizure disorder; depression; and overmedicated (20 C.F.R. § 404.1520(c)). (AR 18-19.)

At step three, The ALJ determined that Plaintiff, through the date last insured, did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 19-21.)

The ALJ then found that, through the date last insured, Claimant had the RFC to perform the following:

> . . . occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps/stairs; never climb ladders, ropes, or scaffolds; frequently balance and stoop; occasionally kneel, crouch, and crawl; never work around hazardous or moving machinery or at unprotected heights; avoid concentrated exposure to vibration; and limited to moderately complex tasks (SVP 4 or less) and no fast paced work such as assembly line work.

(AR 21-25.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 23.)

At step four, the ALJ found that Plaintiff, through the date last insured, was unable to perform her past relevant work as a workers' compensation claims examiner and supervisor. (AR 25.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of office helper and information clerk. (AR 25-26.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act at any time from July 12, 2007, the alleged onset date, through December 31, 2011, the date last insured. (AR 26.) The Appeals Council denied review of the ALJ's decision on June 10, 2014.

## DISCUSSION

The ALJ decision must be reversed. Plaintiff contends that the ALJ failed in her duty to develop the record fully by not obtaining relevant medical source documentation that may have resulted in a different outcome. The Court agrees. As a result, the ALJ's RFC and nondisability determination are not supported by substantial evidence and must be remanded to the ALJ for appropriate findings.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to "conduct an appropriate inquiry." Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80

F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ's duty to develop the record is heightened when the claimant is unrepresented or mentally ill. Id.

At the December 12, 2012 hearing, Claimant told the ALJ about her December 8, 2011 Workers' Compensation Findings of Fact and Award ("F&A"). (AR 45-47, 250-274.) The ALJ responded "What's an F and A? I don't know Workers' Compensation." (AR 47.) The ALJ also stated that "my decision isn't the same as a Workers' Compensation. I'm bound by different laws." (AR 47.) Nonetheless, the F&A decision was submitted to the ALJ on December 14, 2012, two days after the hearing. Thus, the F&A decision was part of the record before the ALJ when she issued her decision on December 19, 2012 denying benefits to Plaintiff. The ALJ decision contains no mention of the F&A decision.

The F&A decision makes reference to material medical evidence bearing on Plaintiff's impairments that was not obtained by the ALJ and thus not considered in denying benefits to Plaintiff. A June 18, 2007 Agreed Medical Examiner ("AME") report from Dr. Richard Shaw, a rheumatologist, found 12 positive tender points supporting a fibromyalgia finding. (AR 621.) This appears to contradict the ALJ's finding that Plaintiff's fibromyalgia is not a medically determinable impairment.[1] (AR 19.) In a report

---

[1] Dr. Shaw made tender point findings in 2003 (AR 596, 699), in 2007 as noted (AR 621) and in 2012. (AR 372.) Similar findings were made by another rheumatologist, Dr. Salick, in 2004. (AR 508.) Although there is some evidence to the contrary (AR 397-398, 637-638), physicians such as Dr. Lacy (AR 302), Dr. To (AR 327-28) and Dr. Enrile (AR 349) accepted the diagnosis of fibromyalgia and Plaintiff underwent ongoing treatment of the impairment during the relevant period. The Commissioner argues that the findings of Dr. Shaw and Dr. Salick in 2003, 2004, 2007 and 2012 were outside the relevant period. The Court, however, believes that continuing diagnoses and treatment for fibromyalgia during the relevant period, based on just prior and just after trigger point findings, can be considered by the ALJ in determining whether fibromyalgia is a medically determinable impairment. The Ninth Circuit has made clear that "[m]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." Smith v. Bowen, 849 F.2d 1212, 1225 (9th Cir. 1988), reaffirmed in Lester, 81 F.3d at 832. The ALJ, who obviously did not consider the medical evidence regarding fibromyalgia in the F&A decision, must do so on remand.
  The Court, moreover, does not mean to suggest that a finding that Claimant has the medically determinable impairment of fibromyalgia necessarily implies that it is severe or results in limitations omitted from the ALJ's RFC. Those are questions the ALJ must address on remand.

dated November 17, 2008 (AR 391-424), Dr. Mandel, a hand surgeon, imposed limitations on hand use and standing/walking restrictions not consistent with the ALJ's RFC. In a comprehensive Medical-Legal Psychiatric Re-Evaluation dated July 16, 2008, Dr. David Friedman, a psychiatrist, identified numerous moderate to severe work limitations due to Plaintiff's mental condition that are not included in the ALJ's RFC. (AR 546-547.) The ALJ did not see or consider the above evidence.

The ALJ committed error in two respects. First, as Plaintiff contends, the F&A decision referenced material medical evidence that the ALJ should have undertaken to obtain. Second, although an ALJ need not be concerned with a physician's conclusions as to disability for workers' compensation purposes, Coria v. Heckler, 750 F.2d 245, 247 (C.A. N.J. 1984); Silva v. Colvin, 2013 WL 6859263*5 (C.D. Cal.), the ALJ may not ignore physician medical opinions from a workers' compensation proceeding that may bear on a claimant's work limitations. Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002). Here the ALJ appears to have disregarded the F&A decision and the medical opinions referenced therein. Had the ALJ fulfilled her duty to obtain the medical source evidence referenced in the F&A decision, she would have been required to provide specific, legitimate reasons for rejecting medical opinion evidence contrary to the RFC she addressed. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In view of the materiality of the evidence not considered, the Court cannot say the ALJ's errors were harmless. See Stout v. Comm'r Soc. Sec. Adm., 454 F.3d 1050, 1055-56 (9th Cir. 2006) (harmless error is one inconsequential to the nondisability determination).

The new medical evidence referenced in the F&A decision (AR 386-682) was subsequently submitted to the Appeals Council which, in denying review of the ALJ decision, stated that "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." (AR 14.) The Appeals Council then stated it considered whether the ALJ's decision is "contrary to the weight of the evidence of record," as required by 20 C.F.R. § 404.970(b). The Appeals

Council concluded that "this information does not provide a basis for changing the Administrative Law Judge's decision." (AR 2.)

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012); Taylor v. Comm'r of Soc. Sec. Adm., 659 F.3d 1157, 1161-62 (9th Cir. 2011). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Brewes, 682 F.3d at 1161-63. The Appeals Council's conclusory dismissal of the new evidence without specific findings deprives this Court of any record or reasoning to review the correctness of the ALJ's nondisability determination. As a result, the ALJ's decision which did not consider the medical evidence in the F&A decision is not supported by substantial evidence.

The ALJ erred in not fully developing the record. Her failure to do so resulted in the failure to consider material medical evidence that may affect the outcome of Plaintiff's case. Although the record is now complete and certainly adequate to allow for a proper evaluation of Plaintiff's case, see Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001), this Court may not consider arguments and evidence not articulated by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts"). Thus, this case must be remanded to the ALJ for consideration of the now complete record in this case.[2] The Court cannot address Plaintiff's other issues for review until the ALJ does so.

---

[2] The Commissioner posits that, as long as new evidence presented after a hearing does not render the decision unreasonable, it may not be a valid basis for remand, citing Brewes. The Court has read Brewes several times and does not find any language of this sort. Rather, Brewes makes clear that the ultimate standard of review is whether, in light of the record as a whole, the ALJ's decision is supported by substantial evidence. 682 F.3d at 1163. Until the ALJ makes appropriate findings on the new evidence, the Court has no basis for concluding that it is.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: May 21, 2015             */s/ John E. McDermott*
                                JOHN E. MCDERMOTT
                                UNITED STATES MAGISTRATE JUDGE